IN THE MATTER OF THE CONDITIONAL ADMISSION
TO THE BAR OF MARYLAND OF
J. EDWARD DAY

[September Term, 1974.]

*Decided October 10, 1975.*

The cause was argued and reargued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Victor L. Crawford,* with whom were *Crawford & Goldberg* on the brief, for J. Edward Day.

*William L. Marbury* and *Garber A. Davidson, Jr.,* for The Maryland State Bar Association, Inc., as amicus curiae.

ORDER OF COURT.

J. Edward Day, a domiciliary of the State of Maryland, and a member of the Bar of Illinois and the District of Columbia, having been conditionally admitted to the Maryland Bar without examination on June 20, 1972, pursuant to Rule 14, Rules Governing Admission to the Bar of Maryland, subject to the provisions of Rule 14 k requiring

that upon the expiration of eighteen months following his conditional admission, Day certify to the Board of Law Examiners that he has, "for at least twelve (12) months immediately preceding the filing of the certificate, been regularly engaged in the practice of law in this State and has had an office for such practice in this State," defined in Rule 14 h as:

> "an office utilized for the practice of law in which an attorney either as proprietor (alone or in partnership) or as an employee of such a proprietor or of an agency of government or of a business or other nongovernmental concern, organization or association usually devotes a substantial part of his time to the practice of law during ordinary business hours in the traditional work week. An attorney shall be deemed to be 'in' such an office even though he is temporarily absent therefrom in the performance of duties of a law practice actively conducted by him from that office."

J. Edward Day having filed the certificate required by Rule 14 k on December 20, 1973, stating therein that he had been regularly engaged in the practice of law from June 20, 1972, to December 20, 1973, and that during that period he had an office for the practice of law, as defined in Rule 14 h, at Harris Road, Barnesville, Maryland; and

The Board of Law Examiners having concluded on November 20, 1974, after a hearing was held and testimony was taken, and after considering the certification filed by Day under Rule 14 k, "that Mr. Day's office did not meet the requirement of an office for the practice of law as defined by Rule 14 h and that the condition subsequent required by Rule 14 k has not been met"; and

The Board having recommended that Day's conditional admission be stricken, and Day having filed exceptions to the Board's recommendation, asserting that he had satisfactorily demonstrated his intention to practice law in Maryland and had maintained an office for such practice in this State in accordance with the requirements of Rule 14 h; and

J. Edward Day having also contended in his exceptions to the Board's recommendation that the provisions of Rule 14 h and k requiring that he maintain an office for the practice of law in this State, as defined in Rule 14 h, were invalid on due process and equal protection grounds primarily because such requirement had no rational connection with the applicant's fitness or capacity to practice law in this State; because such provision imposed "an arbitrary and onerous requirement upon the class of lawyers admitted on motion which is not imposed on the class of lawyers admitted after taking the bar examination," and for other cited reasons; and

The matter having been argued before the Court, and the Maryland State Bar Association having filed a brief Amicus Curiae in the proceedings in which it concluded that the provisions of Rule 14 h and k were constitutional and valid, that they were rationally related to the applicant's fitness or capacity to practice law, and that they did not violate the equal protection clause of the Fourteenth Amendment by imposing an arbitrary and onerous requirement upon lawyers admitted on motion but not upon those admitted by examination or as full-time law instructors; and

The Court being of the view, without regard to the merits of the constitutional issues presented in the proceedings, that those provisions of Rule 14 requiring an applicant for admission to the Bar of this State without examination to have an office for the practice of law in Maryland as an initial condition of admission, and to maintain that office for at least twelve months prior to submitting the certification required by Rule 14 k, no longer constitute a suitable means for determining the applicant's fitness and capacity to practice law in this State; and

The Court having amended Rule 14 on October 10, 1975, by deleting therefrom any requirement that an applicant for admission without examination maintain an office for the practice of law in this State, and the Court having directed its Standing Committee on Rules of Practice and Procedure to review Rule 14 and recommend suitable alternatives governing admission to the Bar of Maryland without examination to assure that all such applicants will possess,

in addition to the intent to practice law in this State, the requisite character, qualifications, fitness, and capacity for the practice of law in this State necessary to the maintenance of an informed, stable, and responsible Bar, it is, this 10th day of October, 1975,

ORDERED, by the Court of Appeals of Maryland, that the recommendation of the Board of Law Examiners that the conditional admission of J. Edward Day be stricken is hereby rejected; and it is further

ORDERED, that the Clerk shall issue a certificate of admission to J. Edward Day.